Case 1:16-cv-00027   Document 10   Filed on 05/27/16 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
May 27, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE CASAS JR., § | | |
|     Petitioner § | | |
| § | | |
| v. § | Civil Action No. 1:16-27 | |
| § | Criminal No. 1:06-35-1 | |
| UNITED STATES OF AMERICA, § | | |
|     Respondent. § | | |

## AMENDED REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE[1]

On February 5, 2016, Petitioner Joses Casas Jr. ("Casas") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1, p. 1.[2] The Court recommends that Casas's motion be dismissed. This is Casas's third § 2255 petition and Casas failed to obtain authorization from the Fifth Circuit to file this petition. Accordingly, the Court lacks jurisdiction to consider Casas's petition.

## I. Procedural and Factual Background

### A. Original Trial

On January 24, 2006, a federal grand jury sitting in Brownsville, Texas, indicted Casas for being a felon in possession of a firearm. U.S. v. Casas, Criminal No. 1:06-35-1, Dkt. No. 3 [hereinafter CR]. Casas was also indicted for being an Armed Career Criminal

---

[1] This report and recommendation has been amended in footnote five – which was footnote four in the original report and recommendation – to reflect events that occurred independent of the original report and recommendation. This amendment does not change the ultimate result insofar as it recommends Casas's current habeas petition be dismissed for lack of jurisdiction.

[2] Casas's petition was filed by his "counsel," a fellow prisoner named Allah Akbar. Dkt. No. 1, p. 1. Federal law states that a party may either represent himself or be represented "by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. A party may not be represented by a non-lawyer. Georgakis v. Illinois State Univ., 722 F.3d 1075, 1077 (7th Cir. 2013). For purposes of this report and recommendation – to permit the Court to examine the substance of Casas's claims – the Court will assume that Casas is acting pro se. This assumption does not alter the ultimate outcome of these proceedings.

1

pursuant to 18 U.S.C. § 924(e)(1). In order to be considered an Armed Career Criminal, a defendant must have three prior convictions for a violent felony or serious drug offense. 18 U.S.C. § 924(e)(1). According to the indictment, Casas had two prior felony convictions for burglary and one prior felony conviction for delivery of marihuana, all in Texas state court. CR Dkt. No. 3.[3]

On May 24, 2006, Casas was found guilty of being a felon in possession of a firearm, following a bench trial. Dkt. No. 47. He was also found to be an Armed Career Criminal. Id.

### B. Sentencing

In the final presentence report, Casas was assessed a base offense level of 24. CR Dkt. No. 30, p. 5 (citing U.S.S.G. § 2K2.1(a)(2)). Casas was also assessed an additional four-level enhancement, for possessing the firearm in connection with another felony offense. Id. Casas also received a four-level enhancement for being "an armed career criminal [who] possessed a firearm in connection with a Controlled Substance Offense." Id. (citing U.S.S.G. § 4B1.4(b)(3)(A)).

Regarding his criminal history, Casas had six adult criminal convictions and was assessed thirteen criminal history points. CR Dkt. No. 30, pp. 7-11. This resulted in a criminal history category of VI. Id. The presentence report, based upon Casas's offense level of 34 and criminal history category VI, identified a guideline sentencing range of 262 to 327 months of imprisonment. Id., p. 16.

On August 28, 2006, Casas was sentenced to 262 months imprisonment and three years of supervised release. CR Dkt. No. 37. Judgment in that case was entered on September 20, 2006. Id.

---

[3] The Court notes that none of Casas's prior state convictions fell within the ambit of the "residual clause" found at 18 U.S.C. § 1924(e)(2)(B), which was struck down by the Supreme Court in Johnson v. U.S. 576 U.S. ----, 135 S.Ct. 2551 (2015). Given the inapplicability of the residual clause to Casas's petition, the Johnson decision does not entitle him to the relief he seeks.

### C. Direct Appeal

On September 1, 2006, Casas filed a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit. CR Dkt. No. 35. On October 18, 2006, the Fifth Circuit dismissed the appeal for want of prosecution, for failure to pay the necessary filing fee. CR Dkt. No. 40.

### D. First Motion to Vacate, Set Aside, or Correct Sentence Pursuant to § 2255

On May 25, 2007, Casas filed a motion to vacate under 28 U.S.C. § 2255. CR Dkt. No. 42. In his motion, Casas asserted four grounds for relief: (1) he did not understand the nature of the charges against him; (2) his confession was coerced; (3) there was an unconstitutional search and seizure; (4) he was unlawfully arrested. Id.; Casas v. U.S., Civil No. 1:07-cv-68, Dkt. No. 1 [hereafter "CV1"].

On October 9, 2008, the District Court decided that Casas's claims were procedurally barred because they were not raised on direct appeal. CV1 Dkt. No. 12. Further, to the extent that any of his claims were not procedurally barred, the Court found them to be meritless. Id. A Certificate of Appealability was denied. Id.

### E. Second Motion to Vacate, Set Aside, or Correct Sentence Pursuant to § 2255

On October 15, 2013, Casas filed his second motion to vacate under 28 U.S.C. § 2255. Casas v. U.S., Civil No. 13-192, Dkt. No. 1. In that motion, Casas asserted that his prior conviction for burglary of a habitation could not be used to enhance his sentence under the Armed Career Criminal statutory provisions, citing Descamps v. United States, 133 S.Ct. 2276 (2013). Id.

On July 10, 2014, the Court dismissed his petition, finding that it was an unauthorized second habeas petition. Dkt. No. 10.

### F. Instant Motion to Vacate, Set Aside, or Correct Sentence Pursuant to § 2255

On February 5, 2016, Casas filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1. In this motion, Casas asserts that his sentence was unlawfully enhanced under the ACCA because he was subject to the residual clause that was struck down in Johnson. Id.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

### A. Section 2255

Casas seeks relief under 28 U.S.C. § 2255. Dkt. No. 1, p. 1. As relevant here, that section provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

A second petition is barred under this rule, unless it has been certified by the court of appeals. That language provides:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(1)-(2).

In turn, 28 U.S.C. § 2244(b)(3)(A) provides, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." (emphasis added). Thus, "§ 2244(b)(3)(A) acts as a jurisdictional bar to the

4

district court's asserting jurisdiction over any successive habeas petition until [the appeals] court has granted the petitioner permission to file one." U.S. v. Key, 205 F.3d 773, 774 (5th Cir. 2000).

A § 2255 motion is a second or successive motion – within the meaning of sections 2244 and 2255 – if it: "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." U.S. v. Orozco Ramirez, 211 F.3d 862, 867 (5th Cir. 2000).

### III. Analysis

Casas has failed to demonstrate that he has obtained an order from the Fifth Circuit Court of Appeals permitting a successive § 2255 petition. Accordingly, Casas's petition should be dismissed. 28 U.S.C. § 2244(b)(3)(A).

As noted earlier, a §2255 motion is second or successive if it raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition, or otherwise constitutes an abuse of the writ. Orozco Ramirez, 211 F.3d at 867. The Fifth Circuit has also stated that petitions centered on "[n]ewly available claims based on new rules of constitutional law (made retroactive by the Supreme Court)" constitute successive petitions. Leal Garcia v. Quarterman, 573 F.3d 214, 221 (5th Cir. 2009) (parentheses original).[4] While such successive claims are permitted, they are permitted only after obtaining the Circuit Court of Appeals' permission. 28 U.S.C. § 2244(b)(3)(A).

Casas argues that his petition is based on a new rule of constitutional law that was made retroactive on collateral review by the Supreme Court. Welch v. U.S., 136 S. Ct. 1257, 1268 (2016) ("Johnson announced a substantive rule that has retroactive effect in cases on collateral review."). Thus, under the holding of Leal Garcia, Casas has filed a successive habeas claim.

As seen above, absent express authorization from the federal appellate circuit court,

---

[4] Leal Garcia was a § 2254 habeas case; the Fifth Circuit has held that the same "second or successive" analysis applies to both § 2254 and § 2255 petitioners. In re Parker, 575 F. App'x 415, 417 n. 2 (5th Cir. 2014) (unpubl.) (citing In re Lampton, 667 F.3d 585, 588 (5th Cir. 2012)).

the district court lacks jurisdiction to hear the case. Key, 205 F.3d at 774. If a prisoner files a second or successive habeas petition in the district court without the authorization of the appellate court, "it would be immediately dismissed for lack of jurisdiction." Id.

Casas has not identified, and the Court has not found, any authorization from the Fifth Circuit allowing Casas to file his claim with the Court. Absent this authorization, the Court lacks jurisdiction to hear Casas's claim. Thus, the Court is precluded from considering the merits of Casas's claim.[5]

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that Petitioner Jose Casas Jr.'s Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DISMISSED for lack of jurisdiction.**

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2001). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

---

[5] On May 25, 2016, the District Judge appointed counsel for Casas in his criminal case to determine if Casas is entitled to sentencing relief as a result of Johnson, 135 S.Ct. 2551. CR Dkt. No. 83. Thus, while Casas is not entitled to relief in this habeas proceeding, he may yet receive relief in his underlying criminal case. Accordingly, the Court makes no recommendation as to whether Casas is entitled to relief pursuant to the Johnson challenge.

After reviewing Casas's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Casas's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1)(eff. Dec. 1, 2009). Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on May 27, 2016.

_____
Ronald G. Morgan
United States Magistrate Judge